David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

DOREEN FARMER, and all similarly situated individuals,

                Plaintiffs,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

                Defendant.

Civil Action No.: 2:17-cv-01531-RFB-PAL

**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**

**[First Request]**

       Pursuant to LR 6-1 and LR 26-4, Plaintiff Doreen Farmer ("Plaintiff") and Defendant Experian Information Solutions, Inc. ("Experian"), by and through their respective counsel of record, hereby stipulate and request that this Court extend all case deadlines except the leave-to-amend deadline by approximately ninety (90) days. In support of this Stipulation and Request, the parties state as follows:

## I.    CASE HISTORY AND <u>DISCOVERY COMPLETED TO DATE</u>

Presently, the active parties to this case are Plaintiff and Experian, and as such, the recitation of discovery shall be with respect to Plaintiff and Experian.

1. Plaintiff filed the instant complaint on May 31, 2017.

2. On June 28, 2017, Experian filed its answer.

3. On July 26, 2017, Experian propounded its deposition notice on Plaintiff, setting Plaintiff's deposition for October 9, 2017.

4. On July 31, 2017, the parties submitted their competing plans for discovery.

5. On August 7, 2017, the Court granted the parties' stipulated protective order.

6. On August 9, 2017, Experian provided its initial disclosures.

7. On August 15, 2017, Plaintiff provided her initial disclosures.

8. On August 18, 2017, Plaintiff provided her first supplemental disclosures.

9. On August 31, 2017, the Court issued its scheduling order, permitting discovery on both the individual and class components of Plaintiff's case to proceed simultaneously.

10. On September 21, 2017, Experian propounded its first set of Requests for Production of Documents on Plaintiff.

11. On September 26, 2017, Plaintiff propounded her first set of Requests for Admission, Production, and Interrogatories on Experian, setting Experian's deposition for November 17, 2017.

12. On September 26, 2017, Plaintiff propounded her first deposition notice to Experian.

13. On October 11, 2017, Plaintiff propounded her first amended deposition notice to Experian, setting Experian's deposition for November 20, 2017.

14. On October 20, 2017, Plaintiff provided her responses to Experian's first set of Requests for Production of Documents.

15. On October 20, 2017, Experian propounded its first amended notice of deposition on Plaintiff, setting Plaintiff's deposition for November 14, 2017.

16. On October 20, 2017, Plaintiff propounded her second amended deposition notice

to Experian, setting Experian's deposition for December 1, 2017.

17.   On November 3, 2017, Experian provided its responses to Plaintiff's first set of Requests for Admissions, Production, and Interrogatories.

18.   On November 7, 2017, Plaintiff sent Experian a Rule 26-7 letter regarding Experian's discovery responses.

19.   On November 13, 2017, Plaintiff and Experian conducted a partial meet-and-confer regarding Plaintiff's Rule 26-7 letter.  A follow-up conference has been tentatively scheduled for December 4, 2017.

20.   On November 28, 2017, Plaintiff propounded her third amended deposition notice on Experian, setting Experian's deposition tentatively for December 21, 2017.

21.   The parties continue to engage in the discovery process, in good faith and in the spirit of cooperation.  However, the parties do not believe discovery can be completed under the current case management schedule given the scope and breadth of issues that remain to be addressed in discovery.

## II.   DISCOVERY THAT REMAINS TO BE COMPLETED

1.   Experian's supplementation of its responses to Plaintiff's First Set of Requests for Admission, Production, and Interrogatories, for which the parties have tentatively agreed to meet and confer on December 4, 2017;

2.   The additional written discovery to Experian;

3.   Depositions of third parties, as appropriate;

4.   Depositions of Plaintiff's expert and Experian's rebuttal expert, if necessary;

5.   Any additional necessary written discovery.

## III.   REASONS WHY THE REMAINING DISCOVERY WAS NOT COMPLETED

The parties can demonstrate good cause for the extension.  This class case involves calculation of large amounts of data from Experian's internal records.  The parties discussed the feasibility of producing this information extensively at their November 13, 2017 meet-and-confer, for which Plaintiff has requested that Experian provide a targeted response deadline no later than

December 1, 2017, subject to further investigation by Experian regarding the availability of such information and discovery.  Resolving these issues and completing this discovery in advance of Experian's 30(b)(6) deposition will better ensure that the parties are able to make the most productive use of time at the deposition, which will in turn mitigate against the prospect of holding the deposition open or seeking court intervention at a later date on discovery disputes.  The deposition has tentatively been set for December 21, 2017.  However, Experian is informed and believes that deposition will need to be rescheduled in early 2018, as the information Plaintiff is seeking from Experian likely will not be processed, reviewed and produced prior to December 21, 2017.

Additionally, because Experian's written discovery production is incomplete and will likely not be completed prior to the time expert designations are due, an extension of discovery will ensure that any expert designated will be able to review a broader range of discovery. Completion of written discovery is necessary in order to provide all discovery material to any expert Plaintiff may seek to retain.  Without an extension of deadlines, the parties will be obligated to disclose  expert reports against the present deadline which will invariably be supplemented as written discovery continues.  Without an extension of expert deadlines, anticipated experts may be required to supplement their expert reports at a later date, perhaps after any depositions takes place – which may in turn require a re-deposition, adding to the burdens and expenses of litigation.

The proposed approximate 90-day extension of discovery deadlines permits Experian time to supplement Plaintiff's pending written discovery, as well as provide sufficient time for any anticipated experts to consider all relevant written discovery and be able to formulate an opinion in this case.

For all of these reasons, the parties request that the Court grant this request for an extension of time.

//

//

//

## IV.    PROPOSED DISCOVERY DEADLINES

| Event | Current Deadline | Proposed New Deadline |
|---|---|---|
| Close of Discovery | February 26, 2018 | May 28, 2018 |
| Amend Pleadings | November 27, 2017 | Same |
| Disclose Initial Experts | December 27, 2017 | March 26, 2018 |
| File Interim Status Report | December 27, 2017 | March 26, 2018 |
| Disclose Rebuttal Experts | January 26, 2018 | March 26, 2018 |
| File Dispositive Motions | March 28, 2018 | June 27, 2018 |
| File Pre-Trial Order | April 27, 2018 | July 26, 2018 (or 30 days after dispositive motions are decided) |

Dated: November 28, 2017

| | |
|---|---|
| */s/ Jennifer L. Braster*<br>Jennifer L Braster, Esq. (NBN 9982)<br>Andrew J Sharples, Esq (NBN 12866)<br>NAYLOR & BRASTER<br>1050 Indigo Drive, Suite 200<br>Las Vegas, NV 89145<br><br>Edward San Chang *(Pro Hac Vice)*<br>John Andrew Vogt *(Pro Hac Vice)*<br>JONES DAY<br>3161 Michelson Dr Ste 800<br>Irvine, CA 92612<br><br>*Attorneys for Experian Information Solutions, Inc.* | */s/ Miles N. Clark*<br>Matthew I. Knepper, Esq. (NBN 12796)<br>Miles N. Clark, Esq. (NBN 13848)<br>KNEPPER & CLARK LLC<br>10040 W. Cheyenne Ave., Suite 170-109<br>Las Vegas, NV 89129<br><br>Sean N. Payne (NBN 13216)<br>PAYNE LAW FIRM LLC<br>9550 S. Eastern Ave. Suite 253-A213<br>Las Vegas, NV 89123<br><br>David H. Krieger, Esq. (NBN 9086)<br>HAINES & KRIEGER, LLC<br>8985 S. Eastern Ave., Suite 350<br>Henderson, NV 89123<br><br>*Attorneys for Plaintiff* |

## ORDER

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that no further extensions will be allowed.

Dated:  December 4, 2017

UNITED STATES MAGISTRATE JUDGE