David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DOREEN FARMER, and all similarly situated individuals,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　　　　Defendant. | Civil Action No.: 2:17-cv-1531-RFB-PAL<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[Third Request]** |

Pursuant to LR 6-1 and LR 26-4, Plaintiff Doreen Farmer ("Plaintiff") and Experian Information Solutions, Inc. ("Experian"), by and through their respective counsel of record, hereby stipulate and request that this Court extend all case deadlines by sixty (60) days. In support of this Stipulation and Request, the parties state as follows:

**I.　DISCOVERY COMPLETED TO DATE**

　　1.　Plaintiff filed the instant complaint on May 31, 2017.

　　2.　On June 28, 2017, Experian filed its answer.

3. On July 26, 2017, Experian propounded its deposition notice on Plaintiff, setting Plaintiff's deposition for October 9, 2017.

4. On July 31, 2017, the parties submitted their competing plans for discovery.

5. On August 7, 2017, the Court granted the parties' stipulated protective order.

6. On August 9, 2017, Experian provided its initial disclosures.

7. On August 15, 2017, Plaintiff provided her initial disclosures.

8. On August 18, 2017, Plaintiff provided her first supplemental disclosures.

9. On August 31, 2017, the Court issued its scheduling order, permitting discovery on both the individual and class components of Plaintiff's case to proceed simultaneously.

10. On September 21, 2017, Experian propounded its first set of Requests for Production of Documents on Plaintiff.

11. On September 26, 2017, Plaintiff propounded her first set of Requests for Admission, Production, and Interrogatories on Experian, setting Experian's deposition for November 17, 2017.

12. On September 26, 2017, Plaintiff propounded her first deposition notice to Experian.

13. On October 11, 2017, Plaintiff propounded her first amended deposition notice to Experian, setting Experian's deposition for November 20, 2017.

14. On October 20, 2017, Plaintiff provided her responses to Experian's first set of Requests for Production of Documents.

15. On October 20, 2017, Experian propounded its first amended notice of deposition on Plaintiff, setting Plaintiff's deposition for November 14, 2017.

16. On October 20, 2017, Plaintiff propounded her second amended deposition notice to Experian, setting Experian's deposition for December 1, 2017.

17. On November 3, 2017, Experian provided its responses to Plaintiff's first set of Requests for Admissions, Production, and Interrogatories.

18. On November 7, 2017, Plaintiff sent Experian a Rule 26-7 letter regarding

Experian's discovery responses.

19. On November 13, 2017, Plaintiff and Experian conducted a partial meet-and-confer regarding Plaintiff's Rule 26-7 letter.

20. On November 28, 2017, Plaintiff propounded her third amended deposition notice on Experian, setting Experian's deposition tentatively for December 21, 2017.

21. On December 5, 2017, the parties met and conferred regarding Experian's responses to Plaintiff's written discovery requests.

22. On January 22, 2018, the parties conducted a second conference regarding Experian's responses to Plaintiff's written discovery requests.

23. On February 1, 2018, Experian served its supplemental responses to Plaintiff's First Set of Interrogatories.

24. On February 2, 2018, the parties conducted a third conference regarding Experian's responses to Plaintiff's written discovery requests.

25. On March 10, 2018, Plaintiff propounded his Second Set of Requests for Production on Experian.

26. On April 18, 2018, Experian responded to Plaintiff's Second Set of Requests for Production.

27. On April 18, 2018, Experian sent a 26-7 letter regarding Plaintiff's Responses to Experian's First Sets of Requests for Admission, Production, and Interrogatories.

28. On April 27, 2018, Experian propounded its Second Amended Notice of Deposition on Plaintiff, setting Plaintiff's deposition for June 19, 2018.

29. On May 9, 2018, Experian served its first supplemental disclosures.

30. On May 20, 2018, Plaintiff sent a 26-7 letter regarding Experian's Responses to Plaintiff's Second Set of Requests for Production, as well as a limited subset of Plaintiff's First Set of Requests for Production and Interrogatories.

31. On June 11, 2018, the parties conferred briefly via telephone regarding Experian's discovery production in this case.

1    32.     On June 19, 2018, the parties conferred briefly via telephone regarding Experian's
2    discovery production in this case.
3    33.     On June 19, 2018, Plaintiff served Experian with its Fourth Amended Notice of
4    Experian's 30(b)(6) deposition.
5    34.     On July 3, 2018, the parties conferred on Plaintiff's May 20, 2018 26-7 letter.

**B.    Specific Description of Discovery that Remains to be Completed**

1. The potential supplementation of written discovery between the parties;
2. Depositions of Plaintiff and Experian;
3. Potential depositions of Experian's other personnel, as appropriate;
4. Depositions of third parties, as appropriate;
5. Depositions of Plaintiff's expert and Experian's rebuttal expert, if necessary;
6. Any additional necessary written discovery, including any follow-up meet and confer to discovery that has already been propounded and/or responded to.

**C.    Reasons Why the Remaining Discovery Was Not Completed**

The parties can demonstrate good cause for the extension. This class case involves calculation of large amounts of data from Experian's internal records. Plaintiff has propounded written discovery requests designed to ascertain the Class and propounded a second set of requests for production which seek background information regarding Experian's technical systems, process of responding to written discovery, and specification of those portions of Plaintiff's class-based discovery requests which are subject to automated and manual review. Plaintiff and Experian have conferred on whether any limited return of this information can be provided.

Presently, the parties are in the process of scheduling Experian's 30(b)(6) deposition and the deposition of Plaintiff. Give the potentially technical nature of the 30(b)(6) deposition, and the fact that both depositions may impact the expert disclosures, the parties seek a 60-day extension of all present case deadlines in order to ensure that the 30(b)(6) depositions can be completed prior to the time for expert disclosures. This brief extension will also permit the parties to continue to discuss whether some limited production in connection with Plaintiff's Second Set of Requests for

Production can be provided prior to Experian's 30(b)(6) deposition.

For all of these reasons, the parties request that the Court grant this request for an extension of time.

**D.   Proposed Discovery Deadlines**

| **Event** | **Current Deadline** | **Proposed New Deadline** |
|---|---|---|
| Close of Discovery | September 25, 2018 | November 26, 2018[1] |
| Amend Pleadings | November 27, 2017 | Same[2] |
| Disclose Initial Experts | July 27, 2018 | September 25, 2018 |
| File Interim Status Report | July 27, 2018 | September 25, 2018 |
| Disclose Rebuttal Experts | August 27, 2018[3] | October 26, 2018 |
| File Dispositive Motions | October 25, 2018 | December 24, 2018 |
| File Motion for Class Certification | None | December 24, 2018 |
| Opposition to Class Certification | None | January 23, 2019 |
| File Pre-Trial Order | November 26, 2018 (or 30 days after dispositive motions are decided)[4] | January 23, 2019 (or 30 days after dispositive motions are decided) |

Dated: July 5, 2018

| | |
|---|---|
| */s/ Jennifer L. Braster*<br>Jennifer L Braster, Esq. (NBN 9982)<br>Andrew J Sharples, Esq (NBN 12866)<br>NAYLOR & BRASTER<br>1050 Indigo Drive, Suite 200<br>Las Vegas, NV 89145<br><br>John Andrew Vogt (NBN 14777)<br>Edward San Chang *(Pro Hac Vice)*<br>JONES DAY<br>3161 Michelson Dr Ste 800<br>Irvine, CA 92612<br>*Attorneys for Experian Information Solutions, Inc.* | */s/ Miles N. Clark*<br>Matthew I. Knepper, Esq. (NBN 12796)<br>Miles N. Clark, Esq. (NBN 13848)<br>KNEPPER & CLARK LLC<br>10040 W. Cheyenne Ave., Suite 170-109<br>Las Vegas, NV 89129<br><br>David H. Krieger, Esq. (NBN 9086)<br>HAINES & KRIEGER, LLC<br>8985 S. Eastern Ave., Suite 350<br>Henderson, NV 89123<br>*Attorneys for Plaintiff* |

---

[1] November 26, 2018 is a Saturday.

[2] While the parties could not agree to request an extension of this deadline, the parties agree that Plaintiff reserves all rights to seek to reopen other case deadlines based on facts not yet disclosed that may be revealed as discovery progresses.

[3] August 26, 2018 is a Sunday.

[4] November 24, 2018 is a Saturday.

*Farmer v. Experian Information Solutions, Inc.*
Case No.: 2:17-cv-01531-RFB-PAL

## **ORDER GRANTING**

## **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that no further extensions will be allowed.

Dated: July 6, 2018

_____
UNITED STATES MAGISTRATE JUDGE